UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER PAL SINGH SANDHU,<br><br>        Plaintiff,<br><br>    v.<br><br>FMCSA, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-01625-KES-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br>Clerk of the Court to Send Plaintiff Civil Rights Complaint Form |

Plaintiff Jaswinder Pal Singh Sandhu ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on November 24, 2025. (Doc. 1).

**I.      Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

///

1

## II. Screening Requirement

As to the status of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

///
///
///
///

### III. Plaintiff's Allegations[1]

In the complaint, Plaintiff names as Defendants the Federal Motor Carrier Safety Administration ("FMCSA"), Ryan Snyder (FMCSA Director of Governmental and Legislative Affairs), Jesse Elison (FMCSA Chief Counsel), Derek D. Barrs (FMCSA Administrator), and Sean Duffy (United States Secretary of Transportation). Plaintiff also names as Defendant Michael Hampton but provides no further details as to Mr. Hampton's identity. (Doc. 1 at 1-3). Plaintiff does not provide whether the aforementioned Defendants are sued in their individual or official capacities. *See id.*

Plaintiff includes few assertions of fact in the complaint and the contentions therein are difficult to follow. Insofar as the Court can comprehend, Plaintiff appears to state that he was denied a commercial driver's license ("CDL") by the FMCSA, due to a change in the law by Defendant Duffy, resulting in his inability to work as a truck driver and the loss of his job. *Id.* at 5-7. Plaintiff includes the language "[s]exually harass" but provides no other particulars or allegations concerning any sexually harassment. *Id.* at 6-7. Plaintiff requests "help for unemployment." *Id.*

### IV. Discussion

**A. Jurisdiction**

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties, and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

### i.     *Federal Question Jurisdiction*

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd.*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff asserts the basis for this Court's jurisdiction as pursuant to a federal question. (Doc. 1 at 2). However, Plaintiff's complaint is unclear as to his precise allegations and does not provide discrete claims or causes of action. While Plaintiff's complaint references the Federal Rules of Civil Procedure (*id.* at 1, 6-7), mere references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g.*, *Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019). In the complaint, Plaintiff fails to articulate how his claims arise pursuant to federal law. Furthermore, Plaintiff includes as Defendant the FMCSA. The federal government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity

1  and consented to be sued."); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction."). Plaintiff has not alleged any waiver of sovereign immunity and therefore, the FMCSA, as part of the federal Department of Transportation and an agency of the United States, is an improper defendant. It follows that any individual Defendant employed by the FMCSA and named in an official capacity is also an improper defendant. *See Gilbert*, 756 F.2d at 1458 ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

Accordingly, this Court lacks jurisdiction for lack of federal question presented in the face of the complaint.

    *ii.*  **Diversity Jurisdiction**

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiff sets forth no facts establishing either complete diversity or an amount in controversy above the $75,000 threshold and, therefore, this Court lacks jurisdiction under 28 U.S.C. § 1332(a).

  **B. Plaintiff's Claims**

The undersigned finds that, even in the event Plaintiff establishes a basis for the Court's exercise of jurisdiction, under a liberal construction of Plaintiff's complaint, the complaint fails to state a cognizable claim.

First, Plaintiff pleads no facts or legal theory establishing that the FMCSA can be liable for a denial of a CDL or for sexual harassment. Thus, because Plaintiff's claims are without "basis in law or fact," the action may be construed as frivolous. *See Andrews v. King*, 398 F.3d 1113, 1121

(9th Cir. 2005).

Second, even if the FMCSA could be a proper defendant, the federal government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity. *See Sherwood*, 312 U.S. at 586; *Gilbert*, 756 F.2d at 1458; *Tobar*, 639 F.3d at 1195. Plaintiff has not alleged any waiver of sovereign immunity and therefore, the FMCSA itself and any employee of the FMCSA named herein in their official capacity are improper defendants.

Lastly, Plaintiff does not set forth any facts relating to claims against the individual Defendants, outside of their official capacity.

Thus, Plaintiff's complaint fails to state any cognizable claim. To facilitate Plaintiff's ability to cure the deficiencies identified above in good faith, Plaintiff will be the opportunity to do so as set forth below.

## V.      Conclusion and Order

For the reasons set forth above, the Court finds the complaint fails to establish the Court's jurisdiction and fails to state any cognizable claim against any Defendant. Because he may be able to cure the deficiencies in an amended pleading, Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*, 203 F.3d at 1130.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79). Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The **amended complaint must be complete**

**in itself without reference to the prior or superseded pleading**.  Once the amended complaint is filed, the original pleading no longer serves any function in the case.  Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.**

Accordingly, it is hereby ORDERED:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and
2. **Within 21 days** from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order; or
   b. File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the complaint be dismissed; or
   c. File a notice of voluntary dismissal.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for lack of jurisdiction, failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **November 25, 2025**                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

7