UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER PAL SINGH SANDHU,<br><br>    Plaintiff,<br><br>    v.<br><br>FMCSA, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-01625-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>(Doc. 4)<br><br>**21-DAY DEADLINE** |

       Plaintiff Jaswinder Pal Singh Sandhu ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint on November 24, 2025. (Doc. 1). On November 26, 2025, the Court issued the first screening order, finding that Plaintiff failed to establish the Court's subject matter jurisdiction and failed to state any cognizable claims, and granted leave to amend. (Doc. 3). Plaintiff's first amended complaint was docketed on January 5, 2026; it is signed and dated December 16, 2025. (Doc. 4). The undersigned issues the following findings and recommendations below.

**I.**     **Plaintiff's Allegations**

       In the first amended complaint, Plaintiff names as Defendants the Federal Motor Carrier Safety Administration ("FMCSA"), Ryan Snyder (FMCSA Director of Governmental and Legislative Affairs), Jesse Elison (FMCSA Chief Counsel), Derek D. Barrs (FMCSA

1

Administrator), Sean Duffy (United States Secretary of Transportation), and Michael Hampton (FMCSA Senior Policy Advisor). (Doc. 4 at 1-3). Plaintiff does not allege the capacities in which the Defendants are sued (*i.e.*, individual versus official capacities). *See id.*

The complaint's allegations of fact and other contentions therein are difficult to follow and relatively brief and sparse. Insofar as the Court can discern, Plaintiff appears to state that his commercial driver's license ("CDL") was revoked by the FMCSA. *Id.* at 4-5. Plaintiff refers to sexual abuse but provides no other particulars or allegations concerning any such abuse. *Id.* at 4-5. Within the section of the form complaint prompting a statement of the claim, Plaintiff appears to assert that he was "torture[d]" three times by "[indecipherable] and Punjab police," that he "quit the county," and that he experienced "abuse." *Id.* at 5. Plaintiff requests reissuance of his CDL. *Id.* at 6.

## II. Discussion

### A. Jurisdiction

Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019). A review of the first amended complaint reveals that it should be dismissed because it lacks any basis for subject matter jurisdiction.

#### i. Federal Question Jurisdiction

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a

substantial question of federal law. *Franchise Tax Bd.*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff asserts the basis for this Court's jurisdiction is both the existence of a federal question and diversity of citizenship. (Doc. 4 at 3). However, Plaintiff's complaint is unclear as to his precise allegations and does not provide discrete claims or causes of action. The first amended complaint does not reference any relevant federal law and, in any event, mere references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g.*, *Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019). Further, Plaintiff fails to articulate how his claims arise pursuant to federal law.

Separately, Plaintiff includes as Defendant the FMCSA, various FMCSA officials, and the Secretary of the U.S. Department of Transportation. The federal government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction.").

Plaintiff was advised of these deficiencies in the Court's first screening order. *See* (Doc. 3). Plaintiff has again failed to allege any waiver of sovereign immunity and therefore, the FMCSA, as part of the federal Department of Transportation and an agency of the United States, is an improper defendant. It follows that any individual Defendant employed by the FMCSA and

named in an official capacity is also an improper defendant. *See Gilbert*, 756 F.2d at 1458 ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

Accordingly, this Court lacks federal question jurisdiction over Plaintiff's claims.

### ii. Diversity Jurisdiction

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1)).

In the first amended complaint, Plaintiff again fails to set forth facts establishing either complete diversity or an amount in controversy above the $75,000 threshold and, therefore, this Court lacks jurisdiction under 28 U.S.C. § 1332(a).

**B. Plaintiff's Claims**

The undersigned finds that, even in the event Plaintiff establishes a basis for the Court's exercise of jurisdiction, under a liberal construction of Plaintiff's complaint, the complaint fails to state a cognizable claim.

First, Plaintiff pleads no facts or legal theory establishing that the FMCSA can be liable for a denial of a CDL or for sexual abuse. Thus, because Plaintiff's claims are without "basis in law or fact," the action may be construed as frivolous. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Second, even if the FMCSA could be a proper defendant, the federal government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity. *See Sherwood*, 312 U.S. at 586; *Gilbert*, 756 F.2d at 1458; *Tobar*, 639 F.3d at 1195. Plaintiff has not alleged any waiver of sovereign immunity and therefore, the FMCSA itself and any employee of the FMCSA named herein in their official capacity are improper defendants.

Lastly, Plaintiff does not set forth any facts relating to claims against the individual Defendants, outside of their official capacity.

Thus, Plaintiff's complaint fails to state any cognizable claim.

### C. Further Leave to Amend Would Be Futile

A district court may deny leave to amend when amendment would be futile. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's first screening order (*see* Doc. 3) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### III. Conclusion and Recommendation

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to establish this Court's subject matter jurisdiction and failure to state a claim.

*Remainder of This Page Intentionally Left Blank*

1   These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 21 days**
3 after being served with a copy of these Findings and Recommendations, a party may file written
4 objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections
5 to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
6 leave of Court and good cause shown.  The Court will not consider exhibits attached to the
7 Objections, but a party may refer to exhibits in the record by CM/ECF document and page
8 number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District
9 Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A
10 party's failure to file any objections within the specified time may result in the waiver of certain
11 rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

12 IT IS SO ORDERED.

13   Dated:   **January 9, 2026**                            _____
14                                                           UNITED STATES MAGISTRATE JUDGE