# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER PAL SINGH SANDHU,<br><br>Plaintiff,<br><br>v.<br><br>FMCSA, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01625 KES CDB<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 5) |

Jaswinder Pal Singh Sandhu, proceeding pro se, initiated this action by filing of a complaint, which the assigned magistrate judge found did not establish the court's jurisdiction and failed to state any cognizable claims. Doc. 3. Sandhu filed an amended complaint, and the magistrate judge screened the amended pleading. Docs. 4, 5. The magistrate judge found Sandhu again failed to establish the court has subject matter jurisdiction. Doc. 5 at 2-4. In addition, the magistrate judge determined Sandhu failed to state a cognizable claim. *Id.* at 4-5. The magistrate judge found further leave to amend would be futile because Sandhu failed to remedy the deficiencies identified in the first screening order. *Id.* at 5. Thus, the magistrate judge recommended the court dismiss the action "with prejudice, for failure to establish this Court's subject matter jurisdiction and failure to state a claim." *Id.*

The court served the findings and recommendations on Sandhu and informed him that objections were due within 21 days. Doc. 5 at 6. The court also informed Sandhu that failure to

file objections by the ordered deadline may result in the waiver of rights on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Sandhu did not file any objections, and the time to do so expired.

In accordance with 28 U.S.C. § 636(b)(1), the court performed a de novo review of this case. Having carefully reviewed the entire matter, the court concludes that the findings and recommendations concerning the pleading deficiencies and lack of jurisdiction are supported by the record and by proper analysis. However, where this court lacks jurisdiction, dismissal shall be without prejudice. *See Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017) ("[d]ismissals for lack of subject-matter jurisdiction ... must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case"); *Anrig v. Ringsby United*, 603 F.2d 1319, 1327 (9th Cir. 1978) (dismissal for lack of diversity jurisdiction should be without prejudice). Accordingly, the action will be dismissed without prejudice, rather than the recommended dismissal with prejudice.

Based upon the foregoing, the Court **ORDERS**:

1.    The findings and recommendations issued on January 9, 2026 (Doc. 5), are **ADOPTED** in part.

2.    Plaintiff's amended complaint is **DISMISSED** without leave to amend.

3.    The action is **DISMISSED** without prejudice.

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    February 23, 2026

_____
UNITED STATES DISTRICT JUDGE

2